UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ROBIN STARLING MARQUEZ-MORA,

                Petitioner,

v.

KEVIN RAYCRAFT et al.,

                Respondents.
_____/

Case No. 1:26-cv-1504

Honorable Jane M. Beckering

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I.     Procedural History

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.7.) In an Order entered on May 11, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not

be granted. (Order, ECF No. 3.) Respondents filed their response and a recording of the March 16, 2026 bond hearing on May 14, 2026 (Resp., ECF No. 4; Recording of Mar. 16, 2026 Bond Hearing, filed on May 14, 2026), and Petitioner filed his reply on May 20, 2026, (ECF No. 5).

## II.    Factual Background

Petitioner is a citizen of Venezuela who entered the United States in 2022. (Pet., ECF No. 1, PageID.4; Order of the Immigration Judge (IJ), ECF No. 1-1, PageID.12) On January 28, 2026, Petitioner was arrested by ICE. (Pet., ECF No. 1, PageID.4.)

On February 11, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Marquez-Mora v. Raycraft* (*Marquez-Mora I*), No. 1:26-cv-476 (W.D. Mich.). In *Marquez-Mora I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Marquez-Mora I*, (W.D. Mich. Mar. 10, 2026), (ECF Nos. 7, 8).

On March 16, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Order of the IJ, ECF No. 1-1, PageID.11.) At the conclusion of the bond hearing, the IJ denied Petitioner's request for bond, stating that Petitioner "is a flight risk and that no monetary amount will mitigate the risk of flight." (*Id.*, PageID.13.) Furthermore, the IJ's order states that, "In the alternative, the Court finds the bond record demonstrates [Petitioner] is a danger to the community." (*Id.*)

Thereafter, Petitioner requested a new bond hearing. (Pet., ECF No. 1, PageID.1.) On April 17, 2026, the IJ denied the request for a new hearing, finding that Petitioner had failed to meet his burden of proof at the March 16, 2026 bond hearing, and he now failed to show a change in circumstances since the bond hearing. (Order of the IJ, ECF No. 1-2, PageID.15–16.)

### III.    Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### IV.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

<u>**Conclusion**</u>

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or

denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:       June 2, 2026                    /s/ Jane M. Beckering

                                                   Jane M. Beckering
                                                   United States District Judge